WILLIAM JONES, Ex'r., &c. v. THOMAS WOODS.

The right of action accruing upon the following instrument: "This is to show that half the hire of Randall hired to Larkin Brooks is Moses Jones, December 29th, 1853," did not arise until a demand and refusal, at which time the statute of limitations began to run.

CIVIL ACTION commenced before a Justice of the Peace, on the 7th of October, 1872, and tried before *Tourgee, J.*, and a jury of the Superior Court of PERSON County.

The plaintiff alleged that the defendant, as agent of his testator, Moses Jones, had received $50 and had appropriated the same to his own (the defendant's) use. This the defendant in his answer denied, and insisted that any claim the plaintiff might have was barred by the statute of limitations.

Upon the trial, it was found for the plaintiff, that the defendant had hired a certain slave named Randal, to one Brooks for the year 1853, taking bond for the said hire in the sum of $100; that on the 15th November, 1853, Randal being in the possesion of Brooks, the defendant sold him to the plaintiff's testator; and on the 29th December, following, the defendant signed, and delivered to said testator a paper writing of the following tenor, to-wit:

" This is to show that half the hire of Randal hired to Larkin Brooks, is Moses Jones."

December 29th, 1853.                    THOS. WOODS."

Moses Jones, the testator of the plaintiff, died in 1854, and the plaintiff qualified in the same year.

It was further in evidence, that all the money due on account of the hire of Randal for the year 1853, was paid to the defendant after the death of the testator; that the plaintiff did not find the note sued on, (the one above set forth,) until some time in the summer of 1866; and that soon thereafter, he demanded payment of defendant, which payment was refused. There was evidence tending to show that the defendant had paid the money sued for to the said testator of the plaintiff.

His Honor instructed the jury that if, from the evidence, they believed the defendant had not paid the money sued for to the plaintiff's testator, they would find for the plaintiff; otherwise, they would return a verdict for defendant. That the statute of limitations did not bar the action. To this charge the defendant excepted.

The jury returned a verdict in favor of the plaintiff for $50

with interest from the 1st of July, 1866. Judgment in accordance therewith, and appeal by defendant.

*Batchelor, Edwards & Batchelor,* for appellant.
*Jones & Jones,* contra.

Pearson, C. J. The case turns upon the statute of limitations and its application depends upon the construction of the instrument signed by the defendant in these words:

"This is to show that half the hire of Randal, hired to Larkin Brooks, is Moses Jones'.
[Signed,]                              THOS. WOODS..
December 29th, 1853."

The defendant received the amount due for the hire of Randal for the year 1853, after the death of Moses Jones—but the case does not set out at what time; so that point is not presented and the point made is this, did the cause of action accrue at the end of the year 1853, for which year the slave Randal was hired, or did it not accrue until the demand in July, 1866? If the former be the construction, the action is barred by the statute of limitations, if the latter be the construction then the action is not barred by the statute. We concur with his Honor in the opinion that the cause of action did not accrue until the demand.

It was not the understanding that Woods should become *a debtor* of Jones for $50 to be paid at the end of the year so as to impose on him the duty of seeking his creditor and tendering the money, for if that had been the understanding, he would have given his promissory note.

As we construe the instrument, it is evidence of an agreement, that Jones who bought the slave before the time for which he had been hired, had expired, should be entitled to one-half of the hire, that is one-half of the sum for which he was hired for the year 1853.

29

This did not make Wood a *debtor* of Jones for $50. Sup_
pose Larkin Brooks had failed, and the hire for 1853, could
not by reasonable diligence have been collected, Wood was
under no obligation to pay one-half of the stipulated sum for
the hire of the slave—and he was under no obligation after the
hire was paid to seek Jones and tender the amount.

Our conclusion is, the cause of action did not accrue until a
demand and refusal.

No error.

PER CURIAM.                                    Judgment affirmed.